(R.D. 11544)

HUB FLORAL MFG. CO. *v.* UNITED STATES

Entry No. 23801.

(Decided June 10, 1968)

*Walter E. Doherty, Jr.,* for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Brian S. Goldstein,* trial attorney), for the defendant.

DONLON, Judge: This appeal to reappraisement has to do with the importation at Boston, on February 23, 1965, of plastic artificial flowers from Hong Kong. It was stipulated in open court that the merchandise was appraised at the invoice unit price per gross, plus items identified on the entry papers, among which was included an alleged buying commission of 5 percent; that "the trading company involved" was the Regent Export Company, Ltd., of Hong Kong; and that the imported articles at bar are not enumerated in the Final List of the Secretary of the Treasury (T.D. 54521) under the Customs Simplification Act of 1956.

Appraisement was at export value. Plaintiff does not challenge export value as the basis of appraisement. What is in issue, and it is the only aspect of the appraisement that is in controversy, is an item of 5 percent of invoice price which plaintiff claims is a buying commission which it paid to Regent.

On the record, and under the so-called separability rule (*United States* v. *Gehrig, Hoban & Co., Inc.,* 54 CCPA 129, C.A.D. 924), plaintiff's burden of proof is limited to such proofs as will establish that the 5 percent which was added to unit price in making appraisement is a *bona fide* buying commission.

Plaintiff's proofs include certain of the official documents filed with the court, which were introduced into evidence; the testimony of Mr. Robert A. Maltz, who identified himself as one of the partners of the

plaintiff partnership; and the agreement between plaintiff and Regent, dated October 14, 1964 (exhibit 1). Defendant introduced no proofs.

It is presumed that the collector, in making appraisement, found that the alleged buying commission was not, in fact, a *bona fide* buying commission. Plaintiff's proofs do not suffice to overcome this presumption of correctness that attaches to the appraisement.

What are plaintiff's proofs on which it bases its case that this was a *bona fide* buying commission?

The agreement in evidence recites that Regent (identified in the contract and in Mr. Maltz' testimony as a concern doing business in Hong Kong) will "act in the capacity of an agent" for plaintiff as to articles to be designated and purchased by plaintiff, and that Regent is to "receive a buying commission of 5% for services rendered in connection with the placement of orders, inspection, shipments and documentation * * *." This agreement further recites an understanding of the parties that Regent does not act as seller to plaintiff, but acts as plaintiff's buying agent.

This obviously is evidence that the parties intended to create the contract relationship of principal and agent. Whether this contract relationship prevailed in a particular transaction, calls for appropriate proofs. Acts may support, or they may cast doubt upon, the words which parties speak or reduce to writing. That is the nub of the requirement in reappraisement that a buying commission, to be excluded from value, shall be *bona fide*.

Mr. Maltz said that he was in Hong Kong at the time he signed the contract with Regent (exhibit 1), and that on the same visit he placed his order for the merchandise at bar. He visited Regent's showroom, saw there samples of this merchandise, found price to be satisfactory, arranged with Regent as to packing and color details, and left it to Regent to "follow through on everything". Mr. Maltz did not visit any factory. He did not know who was the maker of the merchandise, nor from whom he was buying, nor even whether Regent owned the merchandise, although as to the last he had no knowledge that Regent sells, as owner, any merchandise such as that at bar.

In *United States* v. *Gitkin Co.*, 46 Cust. Ct. 788, A.R.D. 132, Chief Judge (then Judge) Rao summarized, in his opinion, the fairly extensive evidence establishing the *bona fides* of the buying agent relationship. Dependence for proof of such *bona fides* was not limited to the buying agent agreement. Testimony for the appellee in the *Gitkin* case (plaintiff below) spelled out in considerable detail the actual course of conduct that constituted an agency relationship, including the following:

Stuart, who was in Japan in August 1955, and on two occasions each in 1957 and 1958, testified that Nosawa performed the duties required of it under the agreement. A representative of Nosawa took him to visit some of the factories which produced the type of merchandise Gitkin was buying, introduced him to their owners, acted as interpreter, and helped him to negotiate purchase. * * * [*United States* v. *Gitkin Co.*, *supra*, at p. 791.]

In the *Gitkin* case there was evidence of known sellers, distinct from the buying agent, with whom Gitkin negotiated. The buyer knew from whom he was buying.

Similar, also, were the facts in *United States* v. *Nelson Bead Co.*, 42 CCPA 175, C.A.D. 590.

It is unnecessary to recite in detail the proofs by which *bona fides* was tested in various other cases. There are here no such proofs establishing *bona fides*. The simple declaration of agency in the contract is not sufficient. Good faith is basic to plaintiff's case. It cannot be presumed. It is to be proved.

I find as facts:

1. That the merchandise consists of plastic artificial flowers from Hong Kong imported at Boston on February 23, 1965.

2. That the merchandise was appraised on the basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and that a so-called buying agent commission of 5 percent was added to invoice unit price.

3. That the merchandise is not an article enumerated in the Final List of the Secretary of the Treasury (T.D. 54521) issued pursuant to the Customs Simplification Act of 1956.

4. That "the trading company involved" is the Regent Export Company, Ltd., of Hong Kong.

5. That on the record and under the so-called separability rule (*United States* v. *Gehrig, Hoban & Co., Inc.*, 54 CCPA 129, C.A.D. 924) plaintiff's burden of proof is limited to such proofs as will establish that the 5 percent which was added to invoice unit price in making appraisement is a *bona fide* buying commission.

I conclude as a matter of law:

1. That export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for valuing the merchandise at bar.

2. That plaintiff's proofs have not overcome the presumption that the appraised value is correct.

3. That the appraised value is the export value.

Judgment will be entered accordingly.