(R.D. 11699)

### HUB FLORAL MANUFACTURING CO. v. UNITED STATES

Entry Nos. 38265, etc.

(Decided May 4, 1970)

*Walter E. Doherty, Jr.*, for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Owen J. Rader* and *Herbert T. Posner*, trial attorneys), for the defendant.

DONLON, Judge: Five appeals to reappraisement are here consolidated for trial. The merchandise consists of artificial flowers, foliage, fruits, Christmas ornaments and related articles, such as wreaths, all imported from Hong Kong.

Appraisement was on the basis of export value. Plaintiff concedes the correctness of that basis. It was stipulated, also, that the merchandise at bar is not enumerated in the Final List of the Secretary of the Treasury (T.D. 54521) under the Customs Simplification Act of 1956.

The only issue before the court is whether defendant correctly found, in computing export value of the merchandise, that an alleged buying commission of 5 percent of ex-factory price was not, as plaintiff contends that it was, a *bona fide* buying commission and, hence, erroneously added in the appraisement.

In *Hub Floral Mfg. Co.* v. *United States*, 60 Cust. Ct. 905, R.D. 11544 (1968), involving transactions similar to those at bar, it was held that the proofs which plaintiff adduced, while sufficient to show the existence of a contract that created a buying commissionaire relationship, nevertheless were insufficient to show that, in the transactions then before the court, payment of commission had been made to one who, in that transaction, acted as a *bona fide* buying agent. The record in that case has been incorporated here.

Defendant's argument as to collateral estoppel is ingenious. Defendant contends that plaintiff is estopped from adducing proofs as to the *bona fides* of the buying commissionaire relationship with respect to purchase of the merchandise of this litigation because, with respect to purchase of other merchandise in another transaction, it has been held that the *bona fides* of that particular transaction had not been sufficiently established by competent proofs. *Hub Floral Mfg. Co.*, *supra*.

In that earlier *Hub Floral* case, it was found that there was a valid buying commissionaire contract. Nor did we find *mal fides* in the transaction then at bar. Our holding was simply that plaintiff's proofs did not overcome the presumption that the appraised value, of the litigated merchandise in that case, was correct.

It is a well established rule that the doctrine of *res adjudicata* does not apply in customs litigation. (*United States* v. *Stone & Downer Company et al.*, 274 U.S. 225, 47 S. Ct. 616, 71 L. Ed. 1013 (1927), and other cases too numerous to require citation.)

Whether the doctrine of collateral estoppel which defendant urges is nevertheless applicable in customs litigation, seems not to have been decided. It is unnecessary to decide the issue here. For, in the case on which defendant relies as authority (*Cromwell* v. *County of Sac*, 94 U.S. 351, 24 L. Ed. 195 (1877)) plaintiff sued on coupons of bonds of an issue which had previously been held to be illegal and void. Hence, the coupons of the void bonds were not enforceable.

Had we held in *Hub Floral, supra*, that the buying commissionaire contract there, and also here, involved was void, the issue of estoppel

would arise as to this different transaction arising under the same contract. To the contrary, we found that contract to be good. Here it is a different transaction under that same valid contract. There is no estoppel arising out of the earlier decision. The buying commissionaire contract is valid.

We proceed next to consideration of the proofs on the issue of good faith in the transactions at bar. These proofs include the official papers as well as the record in the incorporated case and the buying commissionaire contract between plaintiff and Regent Export Company, Ltd., of Hong Kong, and also the testimony of Mr. Robert Allen Maltz, witness for plaintiff.

Mr. Maltz was in Hong Kong in October 1964 and there negotiated the purchase of the merchandise now under appraisement. His testimony is clear that he conducted these negotiations through Regent, acting in plaintiff's behalf as its buying agent; and that Regent attended to related matters in connection with these orders, including checking in plaintiff's behalf on order compliance, packaging and shipment. His testimony establishes the *bona fides* of the buying agency in these transactions and, hence, plaintiff's right to have the 5 percent agency commission excluded from appraised value of this merchandise.

It remains to say that defendant's attempted impeachment of testimony as to the dates in October 1964 when Mr. Maltz was in Hong Kong, is not persuasive. Mr. Maltz, under defendant's questioning in the incorporated case, offered to refer to his passport for the exact date of his arrival there, recollecting only that it was in October 1964. However, defendant stated in open court that it had no objection to that answer.

The court finds as facts:

1. That the merchandise at bar consists of plastic artificial flowers, foliage, fruits, Christmas ornaments and like articles, such as wreaths, all imported from Hong Kong.

2. That appraisement was on the basis of export value under section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

3. That the merchandise at bar is not included among articles enumerated in the Final List of the Secretary of the Treasury (T.D. 54521) under the Customs Simplification Act of 1956.

4. That plaintiff accepts export value, the basis of appraisement, as correct, but disputes the appraiser's addition of a buying commission of 5 percent.

5. That plaintiff's evidence establishes that there is a commissionaire contract between plaintiff and Regent Export Company, Ltd., of

Hong Kong; and that Regent was in fact a *bona fide* buying agent in the transactions at bar, performing services to plaintiff for which a buying commission of 5 percent was paid to Regent by plaintiff.

The court makes the following findings of law:

1. That export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the basis for valuing the entry merchandise.

2. That the disputed 5 percent item was a *bona fide* buying commission and was not properly added to price in determining the export value of the entry merchandise.

3. That the export values of the entry merchandise are the appraised values, less as to each item of merchandise 5 percent of ex-factory price.

Judgment will be entered accordingly.